**Beverly CARROZZA**

v.

**HOWARD COUNTY, MARYLAND.**

No. S 93–2955.

United States District Court,
D. Maryland.

April 1, 1994.

Thomas Bowie McCarty, Baltimore, MD, for plaintiff.

Barbara M. Cook, County Sol., Richard E. Basehoar, Sr. Asst. County Sol., Howard County Office of Law, Ellicott City, MD, for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case, in which claims are asserted under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as well as the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, is before the Court on the defendant's motion to strike plaintiff's request for jury trial and the defendant's alternative motion to dismiss or for summary judgment. These motions, properly supported under Fed.R.Civ.P. 56, have been opposed by the plaintiff, pursuant to Fed. R.Civ.P. 56(e). The defendant has replied to

the plaintiff's opposition. No oral hearing is needed on either motion. Local Rule 105.6, D. Md.

■ First, the defendant's motion to strike the request for jury trial is *denied,* on the authority of *Pandazides v. Virginia Board of Education,* 13 F.3d 823 (4th Cir.1994). Although the plaintiff's opposition memorandum on this point is hardly a model of clarity, it appears that she may be seeking some sort of compensatory damages beyond the traditionally equitable remedies of back pay and reinstatement. At least, her attorney mentions compensatory damages in the pertinent part of his memorandum (at p. 30). Thus, it would be error to strike the request at this juncture.

Next, however, the defendant's alternative motion for summary judgment will be *granted,* for several reasons.

The crux of this case is the plaintiff's assertion that she was improperly terminated from the position of Clerk–Typist II in the Howard County Department of Public Works, Bureau of Environmental Services, Planning and Program Management Division. Plaintiff had previously been in a different clerk-typist position, which was eliminated in a fiscally-driven reduction in force. Because of her seniority rights, the plaintiff was allowed to bump another employee out of the Public Works job from which plaintiff was eventually terminated, and from which this litigation arises. Plaintiff's position is that she has a qualifying handicap (bi-polar disorder), and that she was discriminated against by the defendant in the terms of her employment and by her termination from employment, on account of that disorder.

■ First, the Court agrees with the defendant's argument that the proper limitations period for plaintiff's Rehabilitation Act claim is the six-month period provided in Md.Ann.Code art. 49B, § 9(a). *See Wolsky v. Medical College of Hampton Roads,* 1 F.3d 222 (4th Cir.1993). This suit, at least as to the § 504 claim is, thus, time barred, as it is clear that it was not timely filed under the cited authority.

■ As to the ADA claim, though, and assuming that the ADA applied to the Coun-

ty at the relevant time, plaintiff's failure to pursue a "timely" charge with the EEOC does not bar the present suit under the rule in *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), where timeliness was reckoned by the time when plaintiff received the notice of intent to terminate. Because, given the administrative prerequisites to termination from employment with Howard County, it was not inevitable when she received the notice that she would actually be terminated (unlike the situation of the *Ricks* plaintiff), the holding in *Ricks* does not bar this suit.

■ Thus, the Court will address the summary judgment motion on the merits. In order to prevail on summary judgment, the party opposing the motion, if the motion is properly supported under Rule 56, as this one was, must come forward with evidence that a trier of fact could accept in finding for her under the appropriate proof burden. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this case, the plaintiff has not met that burden.

■ First, the Court notes that the plaintiff's termination was, at least in part, based on her work place misconduct, in the form of insubordinate behavior and outbursts directed towards her supervisors, especially Mr. Saltzman (who, interestingly enough, she contends did not know that she was handicapped). Plaintiff does not deny this workplace misconduct. As the Fourth Circuit pointed out in *Little v. F.B.I.,* 1 F.3d 255 (4th Cir.1993), the relevant question in handicap discrimination cases under the Rehabilitation Act is whether an adverse action was taken "solely by reason of [the employee's] handicap." 1 F.3d at 259. Where there is misconduct, even if the misconduct was caused by a qualifying handicap (as was F.B.I. Agent Little's misconduct), *Little.* makes it clear that the Rehabilitation Act does not bar termination or other disciplinary proceedings. In this case, it is uncontradicted that plaintiff's work place behavior was loud, abusive, and insubordinate. Even though that behavior might have been caused-in-fact by plaintiff's

bi-polar disorder, the employer was justified under *Little* in pursuing adverse employment action against her, to and including her termination, for her misbehavior in the work place.

■ As an independent ground for summary judgment under both the Rehabilitation Act and the ADA, the Court notes that the plaintiff has the burden of showing that, assuming she cannot perform the essential functions of the job as she finds it, she could do so with a reasonable accommodation on the part of the employer. *Pandazides,* 13 F.3d at 833. This is a question of fact, *id.,* but, as pointed out above, unless the plaintiff can come forward with evidence upon which the fact-finder could rely, her opposition to a motion for summary judgment is unavailing. *Celotex, supra.*

■ In this case, the plaintiff supports her summary judgment opposition with her affidavit, as well as with other miscellaneous papers not here pertinent. Both in the affidavit and in plaintiff's memorandum of law, she states in a conclusory fashion (as she did in pre-termination administrative proceedings and in her complaint) that she could have performed the job with "certain accommodations," as follows:

16. I contend that Defendant should have provided me certain accommodations, which were reasonable to a disabled person of my kind, who is otherwise qualified to perform my job, but to help me perform my job. Examples of said accommodation could have included: restructuring my job duties, changing my work schedule (to alleviate stressful periods), reassignment to a vacant job (to relocate me away from my supervisor who was excessively demanding and demeaning), modifying job training materials or programs (to assist me in learning and mastering new computer operation assignments), and eliminating a rigorous job evaluation program (which proved to be demeaning and intolerable).

The plaintiff's conclusory observations, as set forth above, do not meet the criterion of *factual* evidence that suffices to generate a triable dispute under Rule 56 and the law of this Circuit. Her observations are nothing more than her conclusory, personal conjecturing (albeit framed in terms borrowed from 42 U.S.C. § 12111(9)(B)) as to whether she could have performed the job in a fashion that, in truth, would have made it a different job. These subjective observations are insufficient to generate a triable issue. *Cf. Goldberg v. B. Green and Co., Inc.,* 836 F.2d 845 (4th Cir.1988). At the time of directed verdict, which is the relevant time for Rule 56 purposes under *Anderson v. Liberty Lobby, supra,* a jury must have more than conjecture before it to justify finding in favor of the party having the burden of proof. That has not happened in this case.

The Court does not hold that evidence in the form of an expert opinion from a vocational, medical, or other expert is necessary in every ADA or Rehabilitation case. In some cases, the plaintiff may be able to furnish reliable evidence of a particular reasonable accommodation, without any expert testimony. For example, she (or one of her witnesses whose affidavit is in the summary judgment record) might have testimonial knowledge that a particular appliance, or some particular software, or an identifiable training appliance, or some particular software, or an identifiable training program is available that would enable her to perform the job despite her handicap.

In this case, though, plaintiff does no more than make broad suggestions and point to fuzzy, possible alterations of her job designed to strip it of its inherent stresses. This Court refuses to read either the Rehabilitation Act or the ADA as requiring an employer so to "restructure" a job as to change its fundamental requirements, such as the ability to cope with its inherent stressors. *See Southeastern Community College v. Davis,* 442 U.S. 397, 413–14, 99 S.Ct. 2361, 2370–71, 60 L.Ed.2d 980 (1979).

Thus, for a number of reasons, the defendant is entitled to summary judgment, and an order so providing will be entered separately.

### ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion entered herewith, it

is, this 1st day of April, 1994, by the Court, ORDERED and ADJUDGED:

1. That defendant's motion to strike jury trial is hereby DENIED;

2. That defendant's alternative motion for summary judgment BE, and it hereby IS, GRANTED;

3. That judgment BE, and it hereby IS, entered in favor of the defendant and against the plaintiff, with costs awarded to the defendant;  and

4. That the Clerk of Court mail copies of the foregoing Memorandum Opinion and of this Order and Judgment to counsel for the parties.