**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ARABELLA BUSSEY,
Plaintiff-Appellant,

v.

No. 95-2398

TOGO D. WEST, JR., Secretary,
Department of the Army,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-128-A)

Argued: May 8, 1996

Decided: June 4, 1996

Before WILKINSON, Chief Judge, and LUTTIG and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Cathy Bissoon, REED, SMITH, SHAW & MCCLAY,
Pittsburgh, Pennsylvania, for Appellant. Meredith Manning, Special
Assistant United States Attorney, Alexandria, Virginia, for Appellee.
**ON BRIEF:** Eric A. Welter, REED, SMITH, SHAW & MCCLAY,
Pittsburgh, Pennsylvania, for Appellant. Captain David C. Caldwell,
UNITED STATES ARMY LITIGATION DIVISION, Arlington, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

After exhausting her administrative remedies, Arabella Bussey sued the Secretary of the Army, claiming that she suffered discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 794(a), when she was fired from her job at Arlington National Cemetery. The district court granted summary judgment to the Secretary, and we affirm.

I.

Bussey was hired in January 1992 as a temporary data transcriber by the cemetery's administrator, Donald Snyder. Although Bussey had no direct contact with the public, she worked in an area in which members of the public (including bereaved members of deceased soldiers' families) frequently were present. Bussey has multiple sclerosis, which (in her case) makes her irritable. Soon after she was hired, her immediate supervisor told Snyder that Bussey's irritability was creating problems within the office. Bussey received counseling and her behavior and attitude improved somewhat. Snyder renewed Bussey's temporary employment for another year at the end of September 1992.

Shortly after he reappointed her, Snyder learned from one of Bussey's co-workers that Bussey was again having problems with her temper. In particular, Snyder learned that Bussey became extremely angry when a co-worker put an empty donut box in her trash can.

In early November 1992 Sergeant Craig Rowley, a representative of the Inspector General, visited the cemetery to review its operations. He invited cemetery employees to meet with him to discuss any concerns they might have about their jobs. Bussey met privately with Sergeant Rowley and told him she felt isolated from her co-workers because of her multiple sclerosis. Sergeant Rowley later met with

2

Snyder and told him in general terms that he should be aware that one of his employees felt alienated from co-workers. Sergeant Rowley did not mention Bussey by name.

In late November 1992 Snyder saw Bussey yelling at a co-worker, Marsha Zehner. Snyder ordered Bussey back to her desk, and he later learned from Zehner and from other employees that Bussey lost her temper when she and Zehner attempted to answer the telephone at the same time. According to Zehner, Bussey threatened to beat her up. Snyder fired Bussey on December 11, 1992, citing her inability to get along with her co-workers and her failure to maintain the decorum required of a cemetery employee. Bussey claims she was fired because of her disability and in retaliation for her meeting with Sergeant Rowley to talk about her feelings of isolation.

II.

The Rehabilitation Act provides, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability . . . be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. §794(a). Bussey's claim fails because she was not "otherwise qualified" for the position from which she was fired.

"[A]n employer subject to the Rehabilitation Act must be permitted to terminate its employee on account of egregious misconduct, irrespective of whether the employee is handicapped." Little v. FBI, 1 F.3d 255, 259 (4th Cir. 1993). Bussey worked in a public area of a cemetery office. Her irritability and tendency to get into loud arguments with her co-workers disrupted the decorum of the office and created a danger of upsetting grieving members of deceased soldiers' families. Whether Bussey's inappropriate behavior resulted from her illness is irrelevant. Carrozza v. Howard County , 847 F. Supp. 365, 367-68 (D. Md. 1994), aff'd, 45 F.3d 425 (4th Cir. 1995) (table). It was not unreasonable for Snyder to conclude that Bussey's snappishness made her unfit for a position at Arlington National Cemetery, especially when such behavior could be observed by mourners expecting a certain level of dignity and decorum.

3

In addition, Bussey has failed to come forward with sufficient evidence that she was discharged "solely by reason of" her multiple sclerosis. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). "[I]n cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer." Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991). Bussey has not come forward with sufficient evidence to overcome this presumption. She has produced no evidence that Snyder treated any similarly situated employee more leniently than he treated Bussey. Finally, it strains logic to believe that Snyder discriminated against Bussey simply because he received a general report that an unnamed employee felt alienated.

The district court properly granted summary judgment to the Secretary, and that judgment is

AFFIRMED.

4