OPINION AND ORDER
 

 PRINCE, United States Magistrate Judge.
 

 This matter came before the Court on defendants’ Motion for Summary Judgment. The parties have consented to have the case proceed before a United States Magistrate Judge. The Court heard oral argument on the Motion on July 29, 1998. Gloria Smith was the Official Court Reporter at the hearing.
 

 Nature of the Case
 

 This is a civil action under the Americans with Disabilities Act (“ADA”). Plaintiffs, Maureen and Russel Turner, allege that they were discriminated against by defendants, Jack Rabbit, Inc., and Jack Rabbit/Military. The plaintiffs claim that they were employed by the defendants as on-site residential managers of a Jack Rabbit storage facility on •Military Highway in Norfolk, Virginia, and that their employment was illegally terminated because of Mrs. Turner’s disability. The trial of the case is set for August 26, 1998.
 

 DISCUSSION
 

 A.
 
 Standard of Review for Motions for Summary Judgment Under Rule 56(c)
 

 Under Rule 56, summary judgment should be granted only if “there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). For the evidence to present a “genuine” issue of material fact, it must be “such that a reasonable jury could return a verdict for the non-moving party.”
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Facts are deemed material if they might affect the outcome of the case.
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, the moving party’s submission must foreclose the possibility of the existence of facts from which it would be open to a jury to make inferences favorable to the non-movant.
 
 Id.
 

 
 *531
 
 In deciding a summary judgment motion, the court must view the record as a whole and in the light most favorable to the non-moving parties, the Turners.
 
 Terry’s Floor Fashions, Inc. v. Burlington Indus., Inc.,
 
 763 F.2d 604, 610 (4th Cir.1985). Either party may submit as evidence “pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits” to support or rebut a summary judgment motion. Fed.R.Civ.P. 56(c). Supporting and opposing affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence.
 
 Id.
 
 at 56(e). Furthermore, the party moving for summary judgment need not supply “affidavits or other similar materials negating the opponent’s claim.”
 
 Celotex,
 
 477 U.S. at 323, 106 S.Ct. 2548.
 

 Rule 56 mandates summary judgment against a party who “fails to make a showing sufficient to establish the existence of an element essential to that party’s case and on which that party will bear the burden of proof at trial.”
 
 Celotex,
 
 477 U.S. at 322, 106 S.Ct. 2548. The party who bears the burden of proving a particular element of a claim must “designate ‘specific facts showing there is a genuine issue for trial’ ” with respect to that element.
 
 Id.
 
 at 324, 106 S.Ct. -2548
 
 (quoting
 
 Fed.R.Civ.P. 56(e)).
 

 With these controlling principles in mind, the Court turns to the merits of the motion.
 

 B.
 
 Applicable Law
 

 Although both Mr. and Mrs. Turner are plaintiffs in this action, the focus is on Mrs. Turner, as the individual who claims the disability. In order to prove the claim for discrimination based on denial of an accommodation, plaintiffs must demonstrate that: (1) Mrs. Turner is an “otherwise qualified individual with a disability,” i.e., able to perform the essential functions of the job in question with or without reasonable accommodation; and (2) if a reasonable accommodation is necessary, that the denial of the accommodation was made, in a discriminatory fashion.
 
 See Myers v. Hose,
 
 50 F.3d 278, 281-82 (4th Cir.1995);
 
 see also Southeastern Community College v. Davis,
 
 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979);
 
 Tyndall v. National Educ. Ctrs., Inc.,
 
 31 F.3d 209, 212-13 (4th Cir.1994); 42 U.S.C. §§ 12111(8)-(10), 12112; 29 C.F.R. §§ 1630.1-.9. This determination is to be made by the Court on a “case-by-case” basis.
 
 See School Bd. of Nassau County v. Arline,
 
 480 U.S. 273, 287, 107 S.Ct. 1123, 1130-1131, 94 L.Ed.2d 307 (1987);
 
 Champ v. Baltimore County,
 
 884 F.Supp. 991, 996 (D.Md.1995).
 

 Under the ADA, a “qualified” person is an individual “who, with or without reasonable accommodation, can perform the essential functions, of the employment position.” 42 U.S.C. § 12111(8). To make that determination, the Court conducts a two-part inquiry: (1) whether Mrs. Turner can perform the essential functions of the job in question, and (2) if not, whether reasonable accommodations made by her employer would enable her to perform those functions.
 
 See School Bd. of Nassau County v. Arline,
 
 480 U.S. 273, 287 n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307 (1987);
 
 Myers,
 
 50 F.3d at 281-82. The regulations implementing the ADA define “essential functions” as “those functions that the individual who holds the position must be able to perform unaided or wjth the assistance of a reasonable accommodation.” 29 C.F.R. § 1630.2(n). Essential functions áre “fundamental job duties,” not “marginal functions” of an employment position.
 
 Id.
 

 The “reasonable accommodation” question asks whether the accommodation: (1) would be “effective,” i.e., would it address the job-related difficulties presented by the employee’s disability, 29 C.F.R. § 1630.2(o)(l)(i)-(ii); and (2) would allow the employee to attain an “equal” level of achievement, opportunity and participation that a non-disabled individual in the same position would be able to achieve,
 
 id.
 
 § 1630.2(o)(l)(iii).
 

 An employer charged with discrimination for failure to make a reasonable accommodation under the ADA has several defenses available to it. The employer can attempt to demonstrate that: (1) the individual is not a “qualified individual with a disability,” i.e., not disabled within the meaning of the ADA or lacking the skills or knowledge to perform the essential functions of the job even with accommodation, 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m); (2) the accommodation
 
 *532
 
 proposed is not a “reasonable accommodation,” 42 U.S.C. § 12111(9); 29 C.F.R. § 1630.2(o); (3) a reasonable accommodation was offered to the employee, but she refused it and was unable to perform the essential functions of her job, 29 C.F.R. § 1630.9(d); or (4) although reasonable, the proposed accommodation would cause the employer an “undue hardship,” 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9. Here, the defendant alleges that Mrs. Turner was not qualified in that she could not perform the essential functions, with or without accommodations, and that the accommodations she sought (if she in fact sought any) were not reasonable.
 
 [1]
 

 With respect to the final line of defense, mentioned above, “[t]he term ‘undue hardship’ means an action requiring [the employer to undertake a] significant difficulty or expense....” 42 U.S.C. § 12111(10)(A). The analysis is closely related to a consideration of the “reasonable” nature of the accommodation sought. The “reasonableness” analysis seems to focus on the accommodation’s affect on the employee’s ability to do the work, while the “undue hardship” analysis focuses on the affect on the employer. They both involve a heavily fact-based inquiry.
 

 Determination of whether an accommodation would cause an employer an “undue hardship” is informed by consideration of a number of statutory and regulatory factors, including:
 

 (i) The nature and net cost of the accommodation needed under this part, taking into consideration the availability of tax credits and deductions, and/or outside funding;
 

 (ii) The overall financial resources of the facility or facilities involved in the provision of the reasonable accommodation, the number of persons employed at such facility, and the effect on expenses and resources;
 

 (iii) The overall financial resources of the covered entity, the overall size of the business of the covered entity with respect to the number of its employees, and the number, type and location of its facilities;
 

 (iv) The type of operation or operations of the covered entity, including the composition, structure and functions of the workforce of such entity, and the geographic separateness and administrative or fiscal relationship of the facility or facilities in question to the covered entity; and
 

 (v) The impact of the accommodation upon the operation of the facility, including the impact on the ability of other employees to perform their duties and the impact on the facility’s ability to conduct business.
 

 Id. See also
 
 42 U.S.C. § 12111(10)(B).
 

 The Plaintiff bears the ultimate burden of proof on the issue of the reasonableness of an accommodation.
 
 Tyndall,
 
 31 F.3d at 213;
 
 Champ,
 
 884 F.Supp. at 995;
 
 Carrozza v. Howard County,
 
 847 F.Supp. 365, 368 (D.Md.1994),
 
 aff'd,
 
 45 F.3d 425 (4th Cir.1995). There is a “strong inference of nondiscrimination arising from the fact that the same individual who discharged [plaintiff] had hired her with full knowledge of her disability....”
 
 Tyndall,
 
 31 F.3d at 210.
 

 C.
 
 Analysis
 

 The material facts, and the disputes of material fact, are summarized here in the context of the appropriate legal test. At this procedural stage, the facts are viewed in the light most favorable to the plaintiffs. When viewed in this context, plaintiffs have satisfied their obligation to create genuine issues of material fact regarding several aspects of the case. The argument on this motion has focused on whether the record presents a genuine issue of fact as to: whether the plaintiff is a qualified individual with a disability, whether the plaintiff requested an accommodation, and whether that accommodation was a reasonable one.
 

 
 *533
 
 The Turners responded to a newspaper ad for an on-site resident manager position at a local Jack Rabbit storage facility in March of 1996. Mr. and Mrs. Turner allege that they informed the employer that Mrs. Turner had developed a brain aneurysm and later hydrocephalus which resulted in left hand and short term memory deficits.
 
 [2]
 
 Mrs. Turner also alleges that she informed the employer that she could do everything except type with her left hand, as long as she was able to look at the hand while doing the activity. (M. Turner Dep. p. 19-24.) Mrs. Turner also asserts that she can compensate for her memory loss by taking notes and making lists.
 

 Application for Disability Benefits
 

 Defendants argue, as one basis for dismissing the claim, that on Mrs. Turner’s May 12, 1997, Social Security Administration disability benefit application, she made the following statement:
 

 I became unable to work because of my disabling condition on August 30, 1985. I am still disabled.
 

 (Defendants’ Appendix, Ex. 10.) Defendants assert that this is a binding admission that plaintiff was disabled and unable to work during the time which she sought employment from Jack Rabbit.
 

 However, as noted by the plaintiffs, the application also contains the following statement:
 

 I have reviewed my record of earnings. I have been self-employed in real estate since March of 1981. I did not have a profit in 1981,1983,1988-90, and 1993-96. I reduced my work in March of 1986 when I had a shunt inplanted. I had to stop work altogether on February 13, 1997.
 

 (Id.)
 
 The Court concludes that this document is internally inconsistent and ambiguous. Absent explanation or further evidence, the document itself is insufficient to preclude Mrs. Turner’s claim.
 

 Qualifications and Accommodations
 

 Plaintiffs allege that with reasonable accommodations, Mrs. Turner could perform the essential functions of this job. Defendants argue that there is insufficient evidence on this point to withstand the motion. In support of this contention, plaintiffs offer their own deposition testimony which, standing alone, is insufficient.
 
 See e.g. Abcor Corp. v. AM Int’l, Inc.,
 
 916 F.2d 924, 929 (4th Cir.1990) (mere assertions by the plaintiff are not enough to survive summary judgment);
 
 Hindman v. Greenville Hosp. Sys.,
 
 947 F.Supp. 215 (D.S.C.1996),
 
 aff'd
 
 133 F.3d 915 (4th Cir.l997)(per
 
 curiam)
 

 [3]
 

 However, plaintiffs also present affidavits from two former employers, Sandra Haines, and Stephen Peppier, which state that Mrs. Turner could perform all the responsibilities of her previous job as a Realtor. Sandra Haines stated:
 

 I personally observed many times and on numerous occasions Mrs. Turner answer telephones, respond to inquiries from the general public on the telephone and in person, draft contracts, work with the computer, work with lock boxes on houses for sale, set up signs in front of homes for sale, do any and all paperwork necessary of a Realtor, and generally work with the public and other Real Estate agents to perform the duties and functions of a Realtor.
 

 (Haines Aff.) The Peppier affidavit states essentially the same facts (using largely identical language). Mrs. Turner states that she
 
 *534
 
 worked for Peppier right up to the time she left to take the job at Jack Rabbit. Although neither of these previous employers state directly that Mrs. Turner could do the work of a Jack Rabbit residential manager, at this stage, the Court cannot say that no reasonable juror could infer that Mrs. Turner could perform the essential functions of the Jack Rabbit job. There are general factual similarities between the responsibilities, and the inference that: if she could do the Realtor job — she could do the Jack Rabbit job, would not be an unreasonable one. Turner has created a genuine issue of material fact on this issue.
 

 The record also reveals that Mrs. Turner had not been able to successfully perform the Jack Rabbit job without accommodation at the time she was dismissed. The Turners began their employment with Jack Rabbit on March 11, 1996, with a two-week training period. Mrs. Turner missed two days of training because she was obligated to serve jury duty. Mrs. Turner acknowledges that she was not able to become proficient on the computer during the training period, and argues that she needed a little extra time. She also argues that she was denied a reasonable accommodation in that her trainer did not allow her to use the notes she had made to assist her with the steps to follow on the computer. (M. Turner Dep. p. 65, 84.)
 

 Plaintiffs also allege that on March 25, 1996, Mr. and Mrs. Turner were informed that Jack Rabbit was terminating them from their job because of Mrs. Turner’s disabilities. (M. Turner Dep. at 86, R. Turner Dep. at 59.), Defendants, however, allege that Mrs. Turner’s employment was instead terminated because:
 

 ... she was unable to successfully perform required duties inside and outside the office building including, but not limited to: entering information in the computer, sweeping, placing ties on space doors, locking/unlocking locks on space doors, lifting, and remembering and applying pertinent training. In addition, Mrs. Turner demonstrated impatience, frustration, a temper, insubordination, and disrespect to her trainer.
 

 (Defendant’s Response to Interrogatory # 16.) There is a dispute in the record as to why Mrs. Turner was terminated.
 

 Plaintiffs allege that at the time their employment was terminated, Mr. Turner requested an accommodation in the form of additional training time on the computer for Mrs. Turner. (R. Turner Dep. at 41.) Mr. Turner says he only asked for an additional week or two so that he could help his wife get comfortable with the system.
 
 (Id.)
 
 Mr. Turner claims he volunteered to work after hours to assist Mrs. Turner in using the computer program efficiently.
 
 (Id.)
 
 Defendants, however, state in response to interrogatory # 10(c), “Mrs. Turner never requested accommodation from anyone at Jack Rabbit, Inc. or Jack Rabbit Military.” Whether or not plaintiff ever even requested an accommodation is apparently another issue which a fact-finder will be called upon to resolve at trial.
 

 On the issue of the reasonableness of the accommodation sought, the parties disagree about the extent and the effect of the accommodation sought here. The
 
 Mears
 
 case is relied upon by the defendants for the proposition that additional time is not a reasonable accommodation. However, a close analysis of the case indicates that the holding relied upon what was reasonable for that particular employer, given the uncertain length of additional time required for the employee to be able to perform the essential functions.
 
 Myers,
 
 50 F.3d at 283 (“Reasonable accommodation is by its terms most logically construed as that which presently, or in the immediate future, enables the employee to perform the essential functions of the job in question.” (emphasis added)). In
 
 Mears,
 
 the Court found that the accommodation sought (more time for plaintiff to recover from a heart condition), was not reasonable and would present the employer in “an untenable business position” as it would require the employer to wait “indefinitely” for plaintiffs medical condition to improve.
 
 Id.
 

 Here, however, the amount of time sought was not necessarily indefinite, lengthy, or uncertain, and the nature of the employer is such that, it appears based on this limited record, that a reasonable jury could conclude
 
 *535
 
 that the accommodation sought was reasonable and created no undue hardship for Jack Rabbit. With respect to the accommodations sought by the Turners (more time to learn computer, and ability to use notes as memory aid), the record as it now stands is devoid of evidence on the effect these accommodations would have had on the employer, including cost, effect on other employees, and impact on the operation of the facility. Absent this evidence, the Court is in no position to assess the reasonableness of the request or the hardship on the employer.
 

 Although it presents a close case, it is apparent that this record contains several disputed issues of material fact. These include: the plaintiffs’ (especially Mrs. Turner’s) ability to perform the essential tasks of the job; whether plaintiffs made a request for an accommodation which would have allowed Mrs. Turner to perform the essential functions of the position; and whether, given this employer’s business environment, such an accommodation was reasonable. These issues cannot be resolved by the record before the Court, and when viewed in light most favorable to the plaintiffs, the ease withstands this motion for summary judgment.
 

 This ruling is based upon the limited factual record before the Court at this stage and is not intended to be binding upon the trial judge when considering a motion for judgment as a matter of law.
 

 ORDER
 

 For the foregoing reasons, it is ORDERED that defendants’ Motion for Summary Judgment, based on Fed.R.Civ.P. 56(c), be DENIED.
 

 [1]
 

 . The defendants also made a jurisdictional argument in a footnote to their brief, alleging that because the individual Jack Rabbit site at issue did not employ 15 or more employees, they were not covered by the ADA.
 
 (See
 
 Defendants’ Memorandum in Support of Motion for Summary Judgment, p. 11, n. 5.) Defense counsel did not pursue this argument at the hearing on the motion, nor is it sufficiently addressed elsewhere in the record.
 

 [2]
 

 . One year after leaving Jack Rabbit, Mrs. Turner suffered a stroke which has left her totally disabled. Therefore, the plaintiff alleges that the relevant time period begins when she started working for Jack Rabbit on March 11, 1996, and ended when she could no longer work at all, in February of 1997.
 

 [3]
 

 . Plaintiffs have also submitted the Report of Charles DeMark, a Vocational Rehabilitation Counselor, who offers an opinion that Mrs. Turner could perform the essential functions of the Jack Rabbit job. (Plaintiffs' Ex. 8.) However, aside from the timeliness issues surrounding the July 14, 1998, report, Mr. DeMark also never even met Mrs. Turner prior to June 16, 1998, and any information he has comes directly from Mrs. Turner. Accordingly, his statements are treated just like the Turners' and would be insufficient, standing alone, to withstand the motion. The Court does not rely upon the Report for any purpose.